PEOPLE'S BANK v. McMAHON.[1]

1. BILLS AND NOTES—CONDITIONS PRECEDENT—CONTRACTS—QUESTION OF FACT.

It is proper to submit to the jury, in an action on a promissory note held as security for loans to a corporation of which the maker is a stockholder, the disputed question of fact whether or not the paper was executed on condition that the other stockholders should make similar notes.

2. SAME—ACCOMMODATION NOTE—PRINCIPAL AND SURETY.

A party who executes a promissory note for the purpose of enabling a company to borrow money for the conduct of current business, and who does not sign the instrument with others as makers and indorsers, but requires as a condition that the remaining stockholders shall also execute notes, is not a surety in relation to money borrowed on distinct notes of the corporation which were renewed before the maturity of the collateral instrument.

3. SAME—NEGOTIABILITY.

The fact that such note is nonnegotiable does not alter the defendant's liability to the bank which received it as collateral security.

Error to Washtenaw; Kinne, J. Submitted June 23, 1909. (Docket No. 85.) Decided March 5, 1910.

Assumpsit by the People's Bank against Charles D.

---

[1] Rehearing denied May 7, 1910.

McMahon upon a promissory note. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*A. J. Waters* (*A. J. Sawyer*, of counsel), for appellant.

*A. F. & F. M. Freeman*, for appellee.

McALVAY, J. Suit was brought by plaintiff in assumpsit against defendant upon a certain nonnegotiable promissory note, dated March 3, 1902, due January 1, 1903, made by defendant and payable to the Manchester Canning & Packing Company. Defendant and many others were stockholders in said Canning & Packing Company, a Michigan corporation. This company held its meetings in the room of the plaintiff bank, and the cashier of the bank, in April, 1902, became a stockholder and its secretary.

This corporation soon after its organization, and early in the year 1902, found it necessary, in order to carry on its business for that season, to borrow money, and its board of directors on February 11, 1902, adopted the following resolution:

"That the stockholders be requested to lend their indorsement to the amount of their stock to secure a loan for the purpose of carrying on business for the coming season, and that the secretary notify the stockholders to that effect."

About 50 notes were given to the corporation by stockholders, each for the amount of stock held by the maker. The record shows that all but about 15 stockholders gave such notes. These notes were used by the payee, it is claimed, as collateral to a loan of $7,000 made to it, from time to time, by plaintiff, which was represented by several of its notes, for amounts and becoming due as follows: March 3d (the date of the note in suit), $300, on demand; March 17th, $200, on demand; May 1st, $1,000, 90 days; May 10th, $2,000, 5 months; June 27th, $2,500,

4 months; July 8th, $500, 4 months; August 1st, $500, 4 months. As the notes of the corporation became due they were canceled and taken up, and new notes were given to plaintiff in place thereof. It is admitted by plaintiff that the $7,000 was all borrowed from it by the Canning & Packing Company for the purpose of carrying on its business for the season of 1902. It is not in dispute that this corporation became insolvent, and that on the new notes given as above stated there remains due and unpaid the sum of about $2,000. Plaintiff recovered a judgment for the amount of the note with interest.

Defendant asks for a reversal of this judgment on account of numerous errors which it is claimed were committed upon the trial and which are assigned. Defendant states in his brief that when his note was given to the plaintiff it was "as security for a loan for the M. C. & P. Co. for the season of 1902, on condition that all other stockholders would give like notes, which condition was known to plaintiff and not complied with."

The disputed question of fact as to whether the bank took the note under the condition claimed was properly submitted by the court to the jury which returned a verdict for plaintiff. Defendant urges that he was entitled to a directed verdict, as requested, for the reason that he was a mere surety and plaintiff, by taking up and canceling as paid the original notes given by the Canning & Packing Company, and extending the time of payment and taking new notes without his knowledge or consent, released him as such surety. The note in suit was made payable to the Canning & Packing Company. There is a dispute as to whether it came into plaintiff's hands from that company or from the defendant. Defendant testified that he signed it at the bank and handed it to the cashier. This was disputed. The note was indorsed by the payee to the plaintiff.

Defendant's note was payable one year after date. He knew that this note and the notes of the other stockholders were given for the express purpose of securing money

from the bank as needed to carry on this business for the season of 1902. The transaction was to extend over the entire season. The amounts required from time to time were borrowed from the bank on the terms above stated. The bank, of necessity, must require payment of this short-time paper when due, either in cash or by renewal. The notes were in fact renewed. Defendant's contention would have required plaintiff bank, at the time the first of these notes came due, to notify one or all of the makers of these stockholders' notes, and if the note was not paid or the time extended by consent of the makers, to look to them as sure-ties. Such action would have defeated the purpose for which these notes were given, namely, to secure the running of this business for the season. The time for which the stockholders' notes were to run also strongly indicates that such was not the understanding of the parties.

We do not find that defendant stood in the relation of a surety to the notes of the Canning & Packing Company to the amount of $100. In fact there is no evidence in the case to establish such relation. It does appear, by a resolution of the officers of the Canning & Packing Company, "that the stockholders be requested to lend their indorsement to the amount of their stock to secure a loan for the purpose of carrying on business for the coming season," but defendant testifies that he delivered this note to plaintiff as security for a loan to the Manchester Canning & Packing Company upon condition that all the stockholders were to give their notes for the amount of stock each held, which is a contention antagonistic to the claim that he was a surety, and his later testimony is clear that the note was to be used by the corporation as collateral, and so understood by defendant. Part of this testimony is quoted:

"*Q.* You put yours up for that purpose, didn't you?
"*A.* Yes, with that understanding.
"*Q.* Yes, that was the understanding, that your note was to be put up as collateral security to the extent of $100, was it?
"*A.* Yes.

"*Q.* You men did not all sign the same note, the note that you signed, there wasn't anybody else to sign; every one of you gave a separate note?

"*A.* Yes.

"*Q.* And you gave your note for collateral security to the extent of $100?

"*A.* Yes, I understood it that way.

"*Q.* When you gave your note you went to the People's Bank and saw Mr. Case about it?

"*A.* Yes. He drew up the note and I signed it.

"*Q.* Right there, you knew then that was a note for $100, didn't you?

"*A.* Why it was given that way.

"*Q.* That you were giving your collateral note for $100?

"*A.* With the understanding that all were to do the same. They were all under the same obligation.

"*Q.* You were not giving your name for more than $100, were you?

"*A.* No, sir; I was not asked to sign anybody's else note.

"*Q.* No, just your own note; and you gave that note upon the understanding that it was to be used as collateral security to the bank, didn't you?

"*A.* Yes, sir."

This was exactly the contention of plaintiff and disposes of the question of suretyship. The request to direct a verdict for defendant was properly denied. The fact that this note was not negotiable is not material. It was used by the corporation at the bank with defendant's knowledge and consent and for the purpose for which it was given. Other errors assigned need not be discussed. We find no error in the case.

The judgment is affirmed.

OSTRANDER, HOOKER, MOORE, and BROOKE, JJ., concurred.